MIKE'S FIXTURES, INC., Appellant,

v.

BOMBARD'S ACCESS FLOOR SYSTEMS, INC., Respondent.

No. C1-83-2015.

Court of Appeals of Minnesota.

Sept. 11, 1984.

Lawrence P. Marofsky, Minneapolis, for appellant.

Jeanette Janecek, New Brighton, for respondent.

Considered and decided by SEDGWICK, P.J., and RANDALL and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This action is for breach of contract. The trial court applied comparative fault and found each party 50 percent negligent. In a memorandum accompanying an order denying appellant's motion for amended findings, the trial court acknowledged that comparative fault was not applicable in

contract actions, and found the parties jointly and severally liable for respondent's damages. We affirm and modify.

## FACTS

Appellant, Mike's Fixtures contracted with respondent Bombard's Access Floor Systems to cut boards furnished by Bombard's into 23⁹/₁₆ inch squares. Twenty percent of the squares produced were within accepted tolerance and acceptable. The remaining 80 percent were rejected as larger than tolerance. Bombard's put the squares in storage and asked Mike's to inspect their work and recut those that were too large. Mike's refused.

The trial court found that Bombard's had negligently supplied oxboard to Mike's which was not uniformly ⅞ inch thick and that Mike's negligently cut the oxboard into segments not uniformly square.

The trial court found Bombard's damages to be $5,222.40 for cost of the boards and $340.61 for cost of shipping, a total of $5,560.00. The court in its original findings of fact and conclusions of law applied Minn.Stat. § 604.01, comparative fault, to these facts and found both parties 50 percent negligent, and awarded Bombard's damages of $2,780.

Plaintiff's motion for amended findings was denied, but the trial court's memorandum attached to this order recognized that comparative fault does not apply in contract actions. The trial court then declined to amend its findings and found the parties jointly and severally liable for Bombard's damages.

## ISSUES

1. Are appellant and respondent jointly and severally liable for respondent's damages for breach of contract?

2. Is respondent's negligence a factor in determining damages in this contract action?

## ANALYSIS

■ 1. Appellant and respondent are the only two parties to this contract, and the rule of joint and several liability announced in *Northern Petrochem. Co. v. Thorson & Thorshov, Inc.*, 297 Minn. 118, 211 N.W.2d 159 (1973), does not apply.

In *Lesmeister v. Dilly*, 330 N.W.2d 95 (Minn.1983), the court clarified its ruling in *Northern Petrochem.*:

> In *Northern Petrochem*, both the architects and the contractor improperly performed their contractual obligations to the owner. We applied the "single injury" rule of *Mathews v. Mills*, 288 Minn. 16, 178 N.W.2d 841 (1970):
>
> > [W]here it is not reasonably possible to make a division of the damage caused by separate acts of negligence, closely related in point of time, the negligent parties, even though they acted independently, are jointly and severally liable.
>
> 297 Minn. at 128, 211 N.W.2d at 167. We did not intend in *Northern Petrochem.* to recognize a new cause of action in negligence, *i.e.*, negligent breach of a contractual duty. We only announced a rule of damage apportionment applicable where two persons independently and unintentionally breach separate contracts to the same person.

*Id.* at 102.

■ The facts here do not involve two parties who independently and unintentionally breached separate contracts to the same person. Here the parties breached the same contract, appellant by not cutting the squares to specifications, and respondent by furnishing faulty board.

■ 2. The *Lesmeister* court analyzed comparative negligence applicability to contract actions as follows:

> The definition of "fault" in the comparative fault statute expressly includes negligence and breach of warranty. Minn. Stat. § 604.01, subd. 1a (1980). For two reasons, it appears that the statute was not intended to apply generally to contract cases. First, contract law has never spoken in terms of fault; the contract measure of damages generally is based on recovery of the expectancy or benefit

of the bargain. Second, the statute derives from the Uniform Comparative Fault Act. Steenson, *The Anatomy of Products Liability in Minnesota: Principles of Loss Allocation*, 6 Wm. Mitchell L.Rev. 243, 334 (1980). Within the commission's comments to section 1 is the following sentence:

> There is no intent to include in the coverage of the Act actions that are fully contractual in their gravamen and in which the plaintiff is suing solely because he did not recover what he contracted to receive.

12 U.L.A. 35 (Supp.1982). *Id.* at 101–102.

■ However, as to items of consequential damage, the unreasonable failure to mitigate damages is "fault" which can be apportioned under the comparative fault statute. Minn.Stat. § 604.01, subd. 1a (1980). *Lesmeister*, 330 N.W.2d at 103.

■ The present facts are that Bombard did not pay Mike's Fixtures for cutting the boards, even though 20 percent of the boards were acceptable. Bombard's effort to mitigate its damages was limited to asking Mike's to inspect its work and recut, and offering the entire batch of squares to Minnesota Mining & Manufacturing Company, which was not expected to buy them. We cannot say the effort was unreasonable, since Mike's was given the opportunity to correct its error. Mike's suffered damages for its labor in cutting of $1,041.00, while Bombard's cost of wood and transportation was $5,222.40.

■ Although the trial court erred in applying the negligence standard to this action, the record fairly supports a finding that Bombard's breach of its duty to supply Mike's with board that was uniformly thick was the direct cause of 50 percent of Bombard's loss. Bombard's cannot be compensated for what it did not lose, so Mike's is entitled to a set-off of 20 percent for the squares it cut according to specifications. The damages sustained by Bombard's are: 50 percent of Bombard's counterclaim, or $2,780, less 20 percent for the value of squares cut according to the contract, for a total of $2,224.

## DECISION

Respondent, in this contract action, is entitled to the difference in value between the squares as contracted for and their value as actually cut, less 50 percent because respondent supplied faulty board, and less 20 percent for the value of squares cut according to the contract. We affirm and remand with instructions to enter judgment in favor of Bombard's on its counterclaim of $2,224, together with its costs and disbursements.