**ENERGY & AIR SYSTEMS, INC., Respondent,**

v.

**Robert W. KUETTEL, Appellant.**

**No. C2–97–2048.**

Court of Appeals of Minnesota.

June 16, 1998.

Review Denied Aug. 31, 1998.

$13,835 of that debt. EASI filed suit against appellant under Minn.Stat. § 514.02, subd. 1 (1996) to recover the remainder, and both parties moved for summary judgment. Following a hearing, the district court granted EASI's motion and entered judgment against appellant for $18,638. This appeal followed.[1]

## ISSUE

Does Minn.Stat. § 514.02, subd. 1 (1996), a criminal statute, create a civil cause of action?

## ANALYSIS

On appeal from summary judgment, we ask "(1) whether there are any genuine issues of material fact; and (2) whether the lower court erred in its application of the law."

*Lubbers v. Anderson,* 539 N.W.2d 398, 401 (Minn.1995). Where, as here, the material facts are undisputed, we owe no deference to the district court's application of the law. *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989).

■ Minn.Stat. § 514.02, subd. 1 (1996) provides:

If a person, on any improvement to real estate within the meaning of section 514.01, fails to use the proceeds of any payment made to that person on account of such improvement by the owner of such real estate or person having any improvement made, for the payment for labor, skill, material, and machinery contributed to such improvement, knowing that the cost of any such labor performed, or skill, material, or machinery furnished for such improvement remains unpaid, and who has not furnished to the person making such payment either a valid lien waiver as to any unpaid labor performed, or skill, material, or machinery furnished for such improvement, or a payment bond in the basic amount of the contract price for such improvement, conditioned for the prompt payment to any person or persons entitled

Bridget A. Brine, Maki & Overom, Chartered, Duluth, for respondent.

William D. Paul, Duluth, for appellant.

Considered and decided by CRIPPEN, P.J., and HARTEN and FOLEY, JJ.

## OPINION

DANIEL F. FOLEY, Judge.*

Appellant contests the district court's decision to grant summary judgment in favor of respondent. We reverse.

## FACTS

Appellant Robert W. Kuettel is the president and a 50% shareholder of Robert W. Kuettel Roofing, Inc. Kuettel Roofing filed for bankruptcy in 1994, still owing $27,775 to respondent Energy & Air Systems, Inc. (EASI), a metal fabrication subcontractor. Through its own efforts, EASI recovered

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Respondent has moved to strike a portion of appellant's brief. Upon review, that motion is denied. Respondent's request for attorney fees in conjunction with their motion to strike is also denied.

thereto for the performance of labor or the furnishing of skill, material, or machinery for the improvement, shall be guilty of theft of the proceeds of such payment and upon conviction shall be fined not more than $3,000 or imprisoned not more than one year, or both.

We have repeatedly held that "[a] criminal statute gives rise to a civil cause of action only if it appears by express terms or clear implication to have been the legislative intent." *H.J. Inc. v. Northwestern Bell Corp.*, 420 N.W.2d 673, 675 (Minn.App.1988), *review denied* (Minn. May 16, 1988); *cf. Valtakis v. Putnam*, 504 N.W.2d 264, 266–67 (Minn.App. 1993) (no civil cause of action under criminal Child Abuse Reporting Act); *H.J. Inc.*, 420 N.W.2d at 675–76 (no civil cause of action under criminal bribery statute); *North Star Legal Found. v. Honeywell Project*, 355 N.W.2d 186, 188 (Minn.App.1984) (no civil cause of action under criminal trespass statute), *review denied* (Minn. Jan. 2, 1985).

■ The express language of the statute clearly does not create a civil cause of action. Likewise, nothing in the statute suggests that the legislature intended to create a civil cause of action. In the absence of express statutory language or a clear implication of authority, we cannot find that Minn.Stat. § 514.02, subd. 1, creates a civil cause of action.[2]

### DECISION

Minn.Stat. § 514.02, subd. 1 (1996), does not create a civil cause of action. The district court erred by granting summary judgment in favor of respondent.

**Reversed; motions denied.**

---

**2.** Respondent cites *Greene v. Environmental Dev. Corp.*, 415 N.W.2d 374 (Minn.App.1987), for the proposition that Minn.Stat. § 514.02, subd. 1, creates a civil cause of action. *Greene* is factually distinct from this case and is not controlling.