**DULUTH SUPERIOR ERECTION, INC., Respondent,**

v.

**CONCRETE RESTORERS, INC., et al., Appellants.**

**No. C1–02–1831.**

Court of Appeals of Minnesota.

July 15, 2003.

---

Robert C. Maki, Shawn B. Reed, Maki & Overom, Duluth, MN, for respondent.

Michael E. Orman, Nancy von Seggern, Orman, Nord & Spott Law Offices, Duluth,

MN, for appellants Concrete Restorers, Inc., Anthony Coda, Douglas Coda, and Lake Superior Polymers, Inc.

Considered and decided by KALITOWSKI, Presiding Judge, ANDERSON, Judge, and HUSPENI, Judge.

## OPINION

HUSPENI, Judge.*

In challenging the district court's grant of summary judgment, appellants argue that (1) summary judgment was inappropriate because there are genuine issues of material fact; (2) as to certain appellants, the district court erred by finding a presumption of liability and shifting the burden of proof under Minn.Stat. § 514.02 (2002); (3) the district court erred by finding that appellants breached a fiduciary duty pursuant to Minn.Stat. § 514.02; (4) the district court erred by entering judgment against appellants jointly and severally pursuant to Minn.Stat. § 514.02; and (5) the award of attorney fees was an abuse of discretion. Because there are no genuine issues of material fact, we affirm the district court's grant of summary judgment, but because Minn.Stat. § 514.02 expressly prohibits a finding of fiduciary liability, and joint-and-several liability is, therefore, inappropriate under the statute, we vacate the joint-and-several judgment award and remand to enable the district court to determine the extent to which each agent is liable based on the amount of proceeds each knowingly received.

## FACTS

Appellant Concrete Restorers, Inc. (Concrete Restorers) subcontracted with respondent Duluth Superior Erection, Inc.

(Duluth Superior) for excavation and concrete services for two residential projects known as the "Side Lake Project" and the "Grindy Project." The Side Lake Project consisted of a contract between Concrete Restorers and Duluth Superior for an estimated 6,100 square feet of 5 1/2–inch Fibermesh reinforced concrete. The contract required that Duluth Superior receive an advance payment of $10,000 from Concrete Restorers, leaving a balance due under the contract of $24,500. The terms of the Grindy Project specified that Duluth Superior was to receive $9,450 upon completion of the project.

Duluth Superior completed the work, and the owners of both the Side Lake and Grindy Project paid Concrete Restorers for the services. But Duluth Superior claims it was never compensated and is owed $24,500 for the Side Lake contract and $9,450 for the Grindy Project contract. Duluth Superior brought an action against Concrete Restorers and its shareholders, officers, directors, and agents for nonpayment for improvements to real property pursuant to Minn.Stat. § 514.02 (2002). Appellant Anthony Coda is a shareholder and the president of Concrete Restorers. Appellant Douglas Coda was a sales representative for Concrete Restorers. Appellant Lake Superior Polymers (Lake Superior), along with Concrete Restorers, is a family owned business headquartered in the home of Anthony Coda. The district court found that Anthony Coda, Douglas Coda, and Lake Superior were agents of Concrete Restorers, and that all had failed to pay Duluth Superior for its services. Duluth Superior's motion for summary judgment was granted, and judgment was entered jointly and severally against Con-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

crete Restorers, Anthony Coda, Douglas Coda, and Lake Superior.[1] This appeal resulted.

## ISSUES

I. Are there are genuine issues of material fact rendering summary judgment against appellants inappropriate?

II. Did the district court err by finding a presumption of liability and shifting the burden of proof to appellants under Minn.Stat. § 514.02 (2002)?

III. Did the district court err in determining that appellants breached a fiduciary duty pursuant to Minn. Stat. § 514.02?

IV. Did the district court err in entering judgment against appellants jointly and severally pursuant to Minn.Stat. § 514.02?

V. Did the district court abuse its discretion by awarding attorney fees to respondent pursuant to Minn.Stat. § 514.02?

## ANALYSIS

### I.

■ Appellants argue that the district court erred by granting summary judgment because there are genuine issues of material fact.

On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990) (citation omitted).

**1.** All appellants challenge the judgment and will be referred to hereafter as "appellants"

A motion for summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to a judgment as a matter of law. On appeal, the reviewing court must view the evidence in the light most favorable to the party against who judgment was granted.

*Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993) (citation omitted). When the district court grants summary judgment based on the application of a statute to undisputed facts, the result is a legal conclusion, reviewed de novo by the appellate court. *Lefto v. Hoggsbreath Enters., Inc.,* 581 N.W.2d 855, 856 (Minn.1998).

### License Requirement

■ A corporation that is licensed or should be licensed under Minn.Stat. § 326.84 (2002) may be held liable for theft pursuant to Minn.Stat. § 514.02 (2002) for nonpayment for improvements to residential real estate. Minn.Stat. § 514.02, subd. 1a, provides:

A person injured by a violation of subdivision 1 may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney fees, and receive other relief as determined by the court, including, without limitation, equitable tracing. A civil action under this subdivision may be brought:

(1) against the person who committed the theft under subdivision 1; and

(2) for an improvement to residential real estate made by a person licensed, or who should be licensed, under section

unless individually identified by name.

326.84, against a shareholder, officer, director, or agent of a corporation who is not responsible for the theft but who knowingly receives proceeds of the payment as salary, dividend, loan repayment, capital distribution, or otherwise. Minn.Stat. § 326.84, subd. 1, states that:

A person who meets the definition of a residential remodeler as defined in section 326.83, subdivision 16, or a residential building contractor as defined in section 326.83, subdivision 15, must be licensed as a residential building contractor or residential remodeler.

The district court determined that Concrete Restorers should have been licensed under Minn.Stat. § 326.84 because they provided two special skills, "masonry and concrete" and "excavation." Thus, the court determined that provisions of Minn. Stat. § 514.02 were applicable to the facts of this case. Appellants challenge this determination and allege that there is a genuine issue of material fact as to whether Concrete Restorers was required to be licensed as a residential remodeler or residential building contractor. We conclude that summary judgment was properly granted on this issue.

Both residential building contractors and residential remodelers, as defined in Minn.Stat. § 326.83, subds. 15, 16 (2002), provide two or more special skills as defined in Minn.Stat. § 326.83, subd. 19 (2002). Under subdivision 19, special skills fall into any one of eight categories, including "Excavation" and "Masonry and Concrete." Minn.Stat. § 326.83, subd. 19. Appellants concede that they provide "masonry and concrete" skills as defined by the statute. They assert, however, that they do not provide excavation work and, therefore, provide one special skill, not two.

The definition of excavation, as provided in Minn.Stat. § 326.83, subd. 19(a), states:

Excavation includes work in any of the following areas:

(1) excavation;

(2) trenching;

(3) grading; and

(4) site grading.

The proposal for the Grindy project, which was accepted by Concrete Restorers, stated that Duluth Superior proposed to excavate and dispose of 12 inches of the existing base. Duluth Superior offered evidence that excavation was provided at the Side Lake project because Duluth Superior was required to use a backhoe to excavate and level the ground surfaces. In addition, Concrete Restorers' advertising brochure states in pertinent part: "At a fraction of replacement cost, Concrete Restorers, Inc. can level *most* slabs without excavation * * *." (Emphasis added.) A proper inference, therefore, is that Concrete Restorers does offer, when necessary, excavation skills in addition to masonry and concrete skills. Even though Concrete Restorers subcontracted with respondent for the excavation, the excavation was provided by and through Concrete Restorers. Thus, there are no genuine issues of fact concerning whether Concrete Restorers should be licensed as a residential remodeler or residential building contractor in accordance with section 326.84 because they provide at least two specialty skills, "masonry and concrete" and "excavation."

### Agents

As noted above, a person who is injured by a violation of Minn.Stat. § 514.02, subd. 1, may bring a civil action against the agent of a corporation who knowingly receives proceeds of the payment as salary. Minn.Stat. § 514.02, subd. 1a. Appellants contend that whether Douglas Coda and Lake Superior were agents of Concrete

Restorers is an issue of fact and, therefore, not subject to resolution by summary judgment. We disagree.

We recognize initially that whether an agency relationship exists is generally a question for the jury, unless the evidence is conclusive. *PMH Properties v. Nichols*, 263 N.W.2d 799, 802 (Minn. 1978). To support a finding of an agency, two elements must be satisfied. *Teeman v. Jurek*, 312 Minn. 292, 299, 251 N.W.2d 698, 702 (1977). First, it must be shown that there is a manifestation by the principal that an agent act for the principal. *Id.* Second, it must be shown that the principal is in control of the undertaking. *Id.*

The evidence of agency in this case is conclusive. Although appellants assert that Douglas Coda was employed as a sales representative for Concrete Restorers and therefore was not an agent of the company, they concede that because Anthony Coda was out of town, he instructed Douglas Coda to sign the contract with Duluth Superior. The district court properly concluded that when Anthony Coda instructed Douglas Coda to sign the contract, a manifestation that Douglas Coda was acting on behalf of Concrete Restorers was created, thus satisfying the first element set forth in *Teeman*. The court also properly concluded that Anthony Coda controlled the undertaking because Douglas Coda could not sign the contract but for Anthony Coda's approval. Thus, the second element in *Teeman* is satisfied. Based on the uncontested evidence presented to the district court, there are no issues of fact regarding Douglas Coda. He was an agent of Concrete Restorers and therefore liable under Minn.Stat. § 514.02, subd. 1a.

Appellants also contend that Lake Superior is a supplier of materials and a totally separate entity from Concrete Restorers. Appellants contend, therefore, that Lake Superior did not have authority to act on behalf of Concrete Restorers, and thus was not an agent of Concrete Restorers. Again, we find the evidence of agency conclusive.

The district court found that Lake Superior shares a corporate address with Concrete Restorers, and that Duluth Superior was partially paid for its work on the Side Lake Project by Lake Superior, on behalf of Concrete Restorers, with a Lake Superior check drawn on Lake Superior's account. In addition, the court noted Duluth Superior's unrefuted affidavit that it received assurances from the Codas that Lake Superior could make the payment on behalf of Concrete Restorers. Just as summary judgment was appropriate on the question of Douglas Coda's agency, it was appropriate on the question of the agency of Lake Superior.

**Knowingly Receive Payments of Proceeds**

Minn.Stat. § 514.02, subd. 3, states: Proof that such person failed to pay for labor performed, or skill, material, or machinery furnished within 15 days after receiving notice that the cost of such labor performed, or skill, material, or machinery furnished remains unpaid will be sufficient to sustain a finding that the proceeds of such payment were used for a purpose other than the payment for labor, skill, material, and machinery for such improvement, knowing that the costs of labor performed, or skill, material, or machinery furnished remains unpaid, unless the person;

(1) Establishes that all proceeds received from the person making such payment have been applied to the cost of labor, skill, material, or machinery furnished for the improvement; or

(2) Within 15 days after receiving notice shall give a bond or make a deposit

with the court administrator of district court, in an amount and form approved by a judge of district court, to hold harmless the owner or person having the improvement made from any claim for payment of anyone furnishing labor, skill, material, machinery for such improvement.

The district court, having concluded that Anthony Coda, Douglas Coda, and Lake Superior were agents of Concrete Restorers, concluded further that pursuant to subdivision 3, appellants had the burden to establish that the proceeds of payment received by them were either properly applied or alternatively deposited with the court administrator. Minn.Stat. § 514.02, subd. 3. Appellants argue that the district court erred in granting summary judgment in favor of Duluth Superior after determining that not one of the appellants rebutted the presumption. They argue that genuine issues of material fact exist regarding the knowing receipt of proceeds of payments by Anthony Coda, Douglas Coda, and Lake Superior. We disagree, and conclude that summary judgment was properly granted.

A party opposing a motion for summary judgment may not rest upon the pleadings, but must present specific facts showing genuine issues at trial. *Lundgren v. Eustermann*, 370 N.W.2d 877, 881 (Minn.1985). Anthony Coda stated that "he did not knowingly receive proceeds of payment as salary, dividend, loan repayment, capital distribution or otherwise." That simple denial was insufficient to raise a genuine issue of material fact. Indeed, appellants could have raised an issue of material fact by producing their financial records and by providing for an accounting of the proceeds received. The district court noted that Concrete Restorers and Lake Superior are closely held family businesses operated from Anthony Coda's residence, and properly concluded that appellants know-

ingly received proceeds of payments, and failed to rebut the presumption set forth in subdivision 3.

**Amount Owed**

■ Appellants next argue that summary judgment was inappropriate because there are genuine issues of material fact concerning the amount owed to Duluth Superior. First, appellants claim they are still owed $3,000 for work done on the Side Lake Project. However, they concede that they received payment from the owners of Side Lake for the work supplied by Duluth Superior, but failed to properly apply the proceeds to respondent for the labor, skill, material, or machinery contributing to the improvement. Accordingly, any dispute regarding the amount still owed by the owners of the Side Lake Project is irrelevant to the fact that appellants have not compensated Duluth Superior.

■ Appellants also contend that there is an issue of material fact concerning an alleged "overcharge" due to an approximate 5,400 square feet of concrete versus the estimated 6,100 square feet called for in the contract. The subcontract, however, specifically contemplated a lump-sum payment. The matter was not contracted on a time-and-material basis, and there was no opportunity for an adjustment downward to reflect the actual concrete installed. There are no genuine issues of material fact concerning the amount owed to Duluth Superior. Summary judgment was appropriate on the issue of amounts owed by appellants to Duluth Superior.

**II.**

■ Appellants do not challenge the action of the district court in applying a presumption of liability and shifting the burden of proof to Concrete Restorers pursuant to Minn.Stat. § 514.02. They do,

however, claim that the court erred in applying the presumption of liability and shifting the burden of proof to Anthony Coda, Douglas Coda, and Lake Superior. They contend that since Concrete Restorers received the payments, under Minn. Stat. § 514.02, subd. 3, Anthony Coda, Douglas Coda, and Lake Superior could not be a "person" who received payments; that the "person" referred to in subdivision 3 is Concrete Restorers only, and cannot include shareholders, officers, directors, or agents of a corporation. We find no merit in this argument.

Minn.Stat. § 514.02, subd. 1a, allows a civil action to be brought against a shareholder, officer, director, or agent of a corporation. Consistent with that statutory language, if a court finds a corporation liable based on the presumption set forth in Minn.Stat. § 514.02, subd. 3, certain agents of the corporation can be held liable pursuant to subdivision 1a.

Here, the district court determined, and appellants do not contest, that Concrete Restorers received payment for the work provided by Duluth Superior, but failed to compensate Duluth Superior for its performance. Thus, the burden was shifted to Concrete Restorers pursuant to subdivision 3. Concrete Restorers failed to rebut this presumption. As previously indicated, Anthony Coda, Douglas Coda, and Lake Superior were properly determined to be agents of Concrete Restorers, and the language of subdivision 1a provides that agents of a corporation can be held liable for the theft even if they are not responsible, but knowingly receive proceeds of the payment as salary, dividend, loan repayment, capital distributions, or otherwise. Minn.Stat. § 514.02, subd. 1a(2). Thus, as agents of Concrete Restorers, Anthony Coda, Douglas Coda, and Lake Superior are included as the "person" referred to in subdivision 3. The district court, after considering uncontested evidence, established knowledge on the part of all appellants, and correctly applied a presumption of liability and shifted the burden of proof to appellants Anthony Coda, Douglas Coda, and Lake Superior pursuant to Minn.Stat. § 514.02.

■ Appellants also contend that summary judgment was premature because, due to the unsettled financial state of Concrete Restorers, they were unable to properly account for the proceeds owed to Duluth Superior. The statute, however, specifically provides that within 15 days of receiving proof of knowledge of nonpayment, appellants were required to give a bond or make a deposit with the court administrator of the district court for the amount in question. Minn.Stat. § 514.02, subd. 3(2). Duluth Superior provided proper notice of nonpayment to appellants, thus satisfying its burden. Appellants had the statutory 15-day period to rebut the presumption. They also have had ample opportunity during the litigation process to account for the proceeds of payment. Summary judgment was not premature.

### III.

■ Appellants next argue that it was error for the district court to determine that they breached a fiduciary duty pursuant to Minn.Stat. § 514.02. There is merit to this argument. While the district court properly recognized that appellants were subject to the nonpayment provisions of Minn.Stat. § 514.02, subd. 1, thus requiring them to hold funds in trust for the benefit of Duluth Superior, the court also concluded that appellants' failure to do so breached an implied fiduciary duty owed to Duluth Superior. This latter conclusion was unfounded.

In 1974, the Minnesota Supreme Court ruled in *State v. Reps,* 302 Minn. 38, 46, 223 N.W.2d 780, 785–86 (1974), that Minn.

Stat. § 514.02 implicitly established a fiduciary relationship. At that time, Minn. Stat. § 514.02, subd. 1 (1974), provided:

Whoever, on any improvement to real estate within the meaning of section 514.02, fails to use the proceeds of any payment made to him on account of such improvement by the owner of such real estate or person having any improvement made, for the payment for labor, skill, material, and machinery contributed to such improvement, knowing that the cost of any such labor performed, or skill, material, or machinery furnished for such improvement remains unpaid, and who has not furnished to the person making such payment either a valid lien waiver as to any unpaid labor performed, or skill, material, or machinery furnished for such improvement, or a payment bond in the basic amount of the contract price for such improvement, conditioned for the prompt payment to any person or persons entitled thereto for the performance of labor or the furnishing of skill, material, or machinery for the improvement, shall be guilty of theft of the proceeds of such payment and upon conviction shall be fined not more than $1,000 or imprisoned not more than one year or both.

In holding that the contractor receives payment in a fiduciary capacity, the court stated:

[A] reasonable and practical construction of these provisions is that the contractor, unless he has furnished a lien waiver or payment bond, accepts payment for the improvement in a fiduciary capacity. This imposes a trust character on the payments, and it is a knowing violation of that trust, rather than a failure to pay a debt, which the statute makes punishable.

*Reps,* 302 Minn. at 46, 223 N.W.2d at 786.

In 1998, this court was presented with the issue of whether Minn.Stat. § 514.02, a criminal statute, gave rise to civil liability. *Energy & Air Systems, Inc. v. Kuettel,* 580 N.W.2d 62 (Minn.App.1998). We found that the express language of the statute clearly did not create a civil cause of action and that nothing in the statute suggested that the legislature intended to create a civil cause of action. *Id.* at 64. Accordingly, we held that nothing in the statute or applicable caselaw created a civil cause of action under section 514.02. *Id.*

Following our decision in *Kuettel,* the legislature amended section 514.02. The amended statute now expressly provides for a civil cause of action under subdivision 1a. Minn.Stat. § 514.02, subd. 1a. The legislature also amended subdivision 1, which now provides in pertinent part:

Proceeds of payments received by a person contributing to an improvement to real estate within the meaning of section 514.01 shall be held in trust by that person for the benefit of those persons who furnished the labor, skill, material, or machinery contributing to the improvement. Proceeds of the payment are not subject to garnishment, execution, levy, or attachment. Nothing contained in this subdivision shall require money to be placed in a separate account and not commingled with other money of the person receiving payment or create a fiduciary liability or tort liability on the part of any person receiving payment or entitle any person to an award of punitive damages among persons contributing to an improvement to real estate under section 514.01 for a violation of this subdivision.

Minn.Stat. § 514.02, subd. 1(a) (2002).

Appellants contend that despite the court's conclusion in *Reps,* Minn.Stat. § 514.02 expressly prohibits a finding of fiduciary liability. We agree. The initial

language of the statute appears to imply that a fiduciary duty is created because the statute requires that certain payments pertaining to the improvement of real estate shall be held in trust until the proper beneficiary is paid. Minn.Stat. § 514.02, subd. 1(a). Nevertheless, the statute expressly states that, "Nothing contained in this subdivision shall * * * *create a fiduciary liability* * * *." *Id.* (emphasis added). The plain meaning of this statute is that section 514.02 does not create a fiduciary liability. Therefore, we hold that the district court erred as a matter of law in determining that appellants breached a fiduciary duty pursuant to Minn.Stat. § 514.02, subd. 1(a).

### IV.

Having concluded that the district court erred in determining that appellants breached a fiduciary duty, we consider appellants' additional argument that the district court erred when it entered judgment against all appellants jointly and severally, pursuant to Minn.Stat. § 514.02. Appellants argue that Minn.Stat. § 514.02 not only makes no provision for joint-and-several liability, but expressly provides that it does not create tort liability. Again, there is merit to this argument.

Minn.Stat. § 514.02, subd. 1(a), provides, in pertinent part, "Nothing contained in this subdivision shall * * * *create a fiduciary liability or tort liability* * * *." (Emphasis added.) Based on subdivision 1(a), the civil action provided for in subdivision 1a must be in the form of a contract action. Accordingly, the action brought by Duluth Superior, in order to comply with statutory requirements, must be considered to be a contract action.

In Minnesota, joint-and-several liability for damages in contract actions applies only where two persons independently and unintentionally breach separate contracts, closely related in point of time, to the same person, and it is not reasonably possible to make a division of the damages caused by the separate breaches. *Mike's Fixtures, Inc. v. Bombard's Access Floor Sys., Inc.,* 354 N.W.2d 837, 839 (Minn.App.1984). Here, Duluth Superior's sole contract was with Concrete Restorers, making the exception in *Mike's Fixtures* inapplicable. Further, there is no indication in the record before us that an equitable contract remedy was fashioned by the district court. Therefore, judgment against appellants jointly and severally was entered erroneously.

The contract at issue in this case was between Concrete Restorers and Duluth Superior. Concrete Restorers is liable on the contract. The statute entitles Duluth Superior to recover from the agents of Concrete Restorers if the agents knowingly receive proceeds of the payment as salary, dividend, loan repayment, capital distribution, or otherwise. Minn.Stat. § 514.02, subd. 1a(2). Anthony Coda, Douglas Coda, and Lake Superior are agents of Concrete Restorers and knowingly received proceeds of payments stemming from the services provided by Duluth Superior. Although joint-and-several liability is inappropriate under section 514.02, appellants are liable under the statute for the proceeds of payment they received. We reverse the judgment entered by the district court, and remand to enable the district court to determine the extent to which each appellant is liable based upon the amount of proceeds each knowingly received.

### V.

Finally, appellants argue that the district court abused its discretion by awarding attorney fees to Duluth Superior without making a finding that the fees were reasonable, and by not independently

evaluating the evidence. "On review, this court will not reverse a trial court's award or denial of attorney fees absent an abuse of discretion." *Becker v. Alloy Hardfacing & Eng'g Co.*, 401 N.W.2d 655, 661 (Minn. 1987) (citation omitted). Here, the court recognized that Minn.Stat. § 514.02, subd. 1a, allows for the recovery of reasonable attorney fees. The court also found that Duluth Superior filed the appropriate motion in accordance with Minn. R. Pract. 119.04, and thus granted the motion for attorney fees in its entirety. There is no evidence that the district court adopted the proposed findings without independently evaluating the evidence. There was no abuse of discretion in awarding attorney fees to Duluth Superior.

## DECISION

The district court properly determined that appellants were liable under Minn. Stat. § 514.02 (2002), and, therefore, summary judgment was appropriate. The court's determination that appellants breached a fiduciary duty under section 514.02 was erroneous, however, because the statute expressly forbids a finding of fiduciary liability. Because there is no fiduciary liability, joint-and-several liability is inapplicable. We reverse the judgment entered against appellants and remand for further proceedings and entry of judgment not inconsistent with this opinion.

**Affirmed in part, reversed in part, and remanded.**