STATE of Minnesota, Appellant,

v.

Bruce Peter BREN, Respondent.

No. A05–812.

Court of Appeals of Minnesota.

Sept. 20, 2005.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Patrick C. Diamond, Assistant County Attorney, Minneapolis, MN, for appellant.

Peter B. Wold, Aaron J. Morrison, Peter B. Wold, P.A., Minneapolis, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge, LANSING, Judge, and DIETZEN, Judge.

## OPINION

KLAPHAKE, Judge.

The State of Minnesota brings this pretrial appeal from an order declaring a provision of the mechanics' lien statute unconstitutional and dismissing eight counts of a 19–count complaint that charged respondent Bruce Peter Bren with violating that statute. *See* Minn. Const. art. I, § 12 (prohibiting imprisonment for nonpayment of debt absent fraud); Minn.Stat. § 514.02 (2000) (providing civil and criminal penalties for failure to use proceeds paid for improvement to real estate). By order dated May 17, 2005, this court denied respondent's motion to dismiss this appeal. *State v. Bren*, A05–812 (Minn.App. May 17, 2005) (determining that "[r]espondent has not shown that the 'summary statement' requirement [of Minn. R.Crim. P. 28.04, subd. 2(2)] is jurisdictional, or that the state has failed to make a 'threshold showing' of critical impact").

On appeal, the state argues that Minn. Stat. § 514.02 is constitutional because it does not imprison for the nonpayment of a debt, but criminalizes the violation of a statutorily created trust-like relationship between a contractor and a homeowner. Respondent counters that because the 2000 statutory amendments specifically removed fiduciary liability as an element, the statute is now unconstitutional because it no longer meets the requirements of *State v. Reps*, 302 Minn. 38, 223 N.W.2d 780 (1974).

Because the 2000 amendments to Minn. Stat. § 514.02 merely disclaim certain civil liabilities or remedies, but do not change the basic elements of the crime involved and found constitutional in *Reps*, we conclude that the statute remains constitutional. We therefore reverse and remand.

## FACTS

On January 22, 2004, the state charged respondent in a 19–count complaint with multiple counts of unlawful failure to use proceeds paid for the improvement to real estate over $2,500, Minn. Stat § 514.02 (2000); theft by swindle over $35,000, Minn.Stat. § 609.52(2)(4) (2000); theft by false representation over $35,000, Minn. Stat. § 609.52(2)(3)(i) (2000); and fraud in obtaining credit over $2,500, Minn.Stat. § 609.82(2) (2000). The complaint alleges that between 1999 and 2002, respondent engaged in multiple acts of fraud while he was president of Bruce Bren Homes, a now-bankrupt home construction company. The complaint alleges that as a result of respondent's "swindle, scores of homeowners, subcontractors, and other victims lost over $2,000,000 through various fraudulent schemes that induced victims to make progress payments, provide materials and/or labor, extend credit, and waive financial rights."

Counts 2, 6, 8, 10, 12, 14, 16, and 18 allege violations of Minn.Stat. § 514.02, and detail eight separate home construction projects in which homeowners entrusted respondent with funds to pay subcontractors and material suppliers. The complaint alleges that respondent failed to turn these moneys over to the subcontractors and material suppliers who were entitled to payment. The complaint further alleges that respondent continued to live an extravagant lifestyle and use company funds to pay substantial personal debts. The complaint finally alleges that homeowners were eventually forced to pay the subcontractors and material suppliers directly for their work in order to have their property titles cleared of mechanics' liens.

Respondent moved to dismiss the eight counts of the complaint based on Minn. Stat. § 514.02, which he argued was unconstitutional under Minn. Const. art. I,

§ 12. The state appeals from the district court's grant of respondent's motion.

## ISSUES

1. Did the district court err in determining that Minn.Stat. § 514.02 (2000) is unconstitutional because it allows the imprisonment of debtors without any showing of fraud?

2. Need we address respondent's alternative argument that Minn.Stat. § 514.02 (2000) is unconstitutionally vague and overbroad where respondent failed to raise the issue by notice of review?

## ANALYSIS

■■■ The constitutionality of a statute presents a question of law that this court reviews de novo. *State v. Wright,* 588 N.W.2d 166, 168 (Minn.App.1998), *review denied* (Minn. Feb. 24, 1999). "In evaluating constitutional challenges, the interpretation of statutes is a question of law." *State v. Manning,* 532 N.W.2d 244, 247 (Minn.App.1995), *review denied* (Minn. July 20, 1995).

■■■ A Minnesota court will declare a statute unconstitutional only when "absolutely necessary and with extreme caution." *Miller Brewing Co. v. State,* 284 N.W.2d 353, 356 (Minn.1979). "Every presumption is invoked in favor of the constitutionality of a statute." *Id.* The party challenging the constitutionality of a statute must demonstrate "beyond a reasonable doubt that the statute violates some constitutional provision." *Id.*

■■■ In *State v. Koenig,* 666 N.W.2d 366, 372–73 (Minn.2003), the supreme court set out the rules for construction of a criminal statute:

The object of statutory interpretation is to effectuate the intent of the legislature. The rules of statutory construction require that a statute's words and phrases are to be given their plain and ordinary meaning. When the language of a statute is ambiguous, the intent of the legislature controls. When reviewing a statute, we assume that the legislature does not intend to violate the United States and Minnesota Constitutions or intend absurd or unreasonable results. Penal statutes are to be construed strictly so that all reasonable doubt concerning legislative intent is resolved in favor of the defendant. However, strict construction does not require that we assign the narrowest possible interpretation to the statute.

(Citations omitted.)

### I.

The Minnesota Constitution prohibits imprisonment for debt as follows:

No person shall be imprisoned for debt in this state, but this shall not prevent the legislature from providing for imprisonment, or holding to bail, persons charged with fraud in contracting said debt.

Minn. Const. art. I, § 12.

In 1887, the Minnesota Legislature enacted a statute to punish unscrupulous contractors. 1887 Minn. Laws ch. 170, § 3. The supreme court, however, found that this statute violated the constitutional prohibition against imprisonment for debt because it was "not necessary that a contractor be guilty of any fraud or other tort in order to subject him to the penalties of this section." *Meyer v. Berlandi,* 39 Minn. 438, 441, 40 N.W. 513, 514 (1888).

In 1915, the statute was amended to punish any contractor "who, with intent to defraud" used proceeds of a payment made to a homeowner for "any other purpose than the payment for labor [or] materials." 1915 Minn. Laws ch. 105, § 1. The supreme court upheld this version of the

statute as constitutional, reasoning that "the purpose of the statute is not to imprison for debt, but to punish the fraud." *State v. Harris*, 134 Minn. 35, 38, 158 N.W. 829, 830 (1916) ("No honest man can possibly be injured by the provisions of the act of 1915. Only the contractor who diverts money with the evil intent to defraud need fear the law.").

In 1971, the legislature removed the "intent to defraud" language that had been added in 1915 and amended the statute to read:

> Whoever, on any improvement to real estate ... fails to use the proceeds of any payment made to him on account of such improvement ... knowing that the cost of any such labor performed [or] material ... furnished for such improvement remains unpaid, and who has not furnished to the person making such payment either a valid lien waiver as to any unpaid labor performed ... or a payment bond in the basic amount of the contract price for such improvement ... shall be guilty of theft of the proceeds of such payment[.]

1971 Minn. Laws ch. 914, § 1. The supreme court determined that the statute remained constitutional, even though the amended version removed the element of intent to defraud. *State v. Reps*, 302 Minn. 38, 46, 223 N.W.2d 780, 785–86 (1974). In particular, the court reasoned:

> A reasonable and practical construction of these provisions is that the contractor, unless he has furnish[ed] a lien waiver or payment bond, accepts payment for the improvement in a fiduciary capacity. This imposes a trust character on the payments, and it is a knowing violation of that trust, rather than a failure to pay a debt, which the statute makes punishable.

*Id.* at 46, 223 N.W.2d at 786. Both parties agree that *Reps* remains the controlling precedent.

In 1998, this court ruled that Minn.Stat. § 514.02 provided only criminal penalties and did not create a civil cause of action. *Energy & Air Sys., Inc. v. Kuettel*, 580 N.W.2d 62, 63 (Minn.App.1998), *review denied* (Minn. Aug. 31, 1998). In 2000, the legislature again amended Minn.Stat. § 514.02 by adding subdivision 1a, which provides a limited civil remedy, and substantially rewriting subdivision 1.2000 Minn. Laws ch. 430, § 1.

■ Of particular importance to this appeal, subdivision 1 now reads:

> Subdivision 1. Proceeds of payments; acts constituting theft. (a) Proceeds of payments received by a person contributing to an improvement to real estate within the meaning of 514.01 *shall be held in trust* by that person for the benefit of those persons who furnished labor, skill, material, or machinery contributing to the improvement. Proceeds of the payment are not subject to garnishment, execution, levy, or attachment. *Nothing contained in this subdivision shall* require money to be placed in a separate account and not commingled with other money of the person receiving payment or *create a fiduciary liability or tort liability on the part of any person receiving payment* or entitle any person to an award of punitive damages among persons contributing to an improvement to real estate under section 514.01 for a violation of this subdivision.
>
> (b) If a person fails to use the proceeds of a payment made to that person for the improvement, for the payment for labor, skill, material, and machinery contributed to the improvement, knowing that the cost of the labor performed, or skill, material, or machinery furnished remains unpaid, and who has not

furnished to the person making such payment either a valid lien waiver under section 514.07, or a payment bond in the basic amount of the contract price for the improvement, conditioned for the prompt payment to any person entitled thereto for the performance of labor or the furnishing of skill, material, or machinery for the improvement, shall be guilty of theft of the proceeds of the payment and is punishable under section 609.52. For an improvement to residential real estate made by a person licensed, or who should be licensed, under section 326.84, a shareholder, officer, director, or agent of a corporation who is responsible for the theft shall be guilty of theft of the proceeds.

Minn.Stat. § 514.02, subd. 1 (emphasis added).

Respondent claims that the language emphasized above in subdivision 1(a) renders the statute unconstitutional under *Reps* because it negates the creation of any "fiduciary liability." Respondent reasons that, even though subdivision 1(a) still purports to create a trust in its first sentence, the language of the third sentence "defeats any possible creation of a trust capable of conferring fiduciary liability." Respondent insists that the statutory language thus "creates a contradiction that destroys its purpose."

The district court agreed, stating:

While the statutory language says the proceeds are held in trust, the same provision states that no fiduciary liability is created. A fiduciary relationship is the cornerstone of a trust, one cannot exist without the other at least where criminal liability is concerned.

. . . .

The Legislature may not call something a trust in one sentence, while eliminating fiduciary liabilities in another sentence of the same statute. One cancels the other and cannot be reconciled in a criminal context. They may, of course, be reconciled in a civil context as was done in *Duluth Erections.*[1]

Thus, we return full circle; this is collection of a debt. The Constitution prohibits imprisonment for debt, absent fraud in contracting such debt.

(Footnote added.) The construction given the statute by respondent and the district court thus presumes that elimination of "fiduciary liability" renders the earlier "held in trust" language meaningless. We, however, choose to construe the statute so as to "give effect to all its provisions." Minn.Stat. § 645.16 (2004). We further choose to assume that the legislature did not intend to violate the constitution or to reach an absurd or unreasonable result. *See Koenig,* 666 N.W.2d at 372–73.

We therefore conclude that by adding the language "held in trust," the 2000 legislature intended to incorporate the implied trust-like character discussed in *Reps.* The supreme court in *Reps* found the 1971 version of Minn.Stat. § 514.02 constitutional, not because it included explicit language creating a trust, but because its provisions punished one who received payments for an improvement knowing that the improvement remained unpaid, but who nevertheless failed to (1) use the proceeds for the payment of the improvement; (2) furnish the person making the payment with a valid lien waiver; or (3) provide the person with a payment bond. *Reps,* 302 Minn. at 46, 223 N.W.2d

1. In *Duluth Superior Erection, Inc. v. Concrete Restorers, Inc.,* 665 N.W.2d 528, 538 (Minn. App.2003), this court concluded that, in the civil context, the "plain meaning" of the 2000 amendment is that "section 514.02 does not create a fiduciary liability" and that it must be considered a contract action.

at 785–86. The court in *Reps* reasoned that

[a] reasonable and practical construction of these provisions is that the contractor, unless he has furnish[ed] a lien waiver or payment bond, accepts payment for the improvement in a fiduciary capacity. This imposes a trust character on the payments, and it is a knowing violation of that trust, rather than a failure to pay a debt, which the statute makes punishable.

*Id.*

Because the provisions considered crucial in *Reps* remain in the 2000 version of the statute, we conclude that the statute remains constitutional. As in *Reps*, it is the contractor's knowing violation of the "trust character" of the payments entrusted to him by the homeowner, rather than any failure to pay a debt to the subcontractor, that makes the contractor criminally liable under the statute. The statute punishes the contractor's misapplication of payments received from the homeowner, as opposed to punishing the failure to pay a debt owed to subcontractors. *Cf. Wojahn v. Halter*, 229 Minn. 374, 380–81, 39 N.W.2d 545, 548–49 (1949) (noting that term "debt" as used in constitutional prohibition against imprisonment for debt is limited to obligations to pay money or something due and owing from one to another arising out of contract, and does not prohibit imprisonment for violation of other obligations such as failure to pay alimony or child support, or for failure to deliver specific property or otherwise comply with court order).

By so construing Minn.Stat. § 514.02, we conclude that the language in subdivision 1(a) eliminating or negating fiduciary liability necessarily applies only to the limited civil cause of action created by the statute in subdivision 1a. While we do not find the statute to be ambiguous, we note that our construction is fully supported by the legislative history, which establishes that the elimination of fiduciary liability was intended to apply to the newly created civil remedy. The language eliminating fiduciary and tort liability was taken from paragraph 9.6.7 of the American Institute of Architects (AIA) general conditions of contract for construction, and defines the contractual remedies between the contractor and subcontractor. Respondent does not dispute the existence or meaning of this legislative history, but merely insists that the "legislative record, no matter how clear, does not trump the rule of [lenity] and salvage this statute." But, because there is no doubt concerning the intent of the legislature here, the rule of lenity does not require us to construe the statute so strictly as to find it unconstitutional. *See Koenig*, 666 N.W.2d at 372–73 (stating that "[p]enal statutes are to be construed strictly so that all reasonable doubt concerning legislative intent is resolved in favor of the defendant," but that "strict construction does not require that we assign the narrowest possible interpretation to the statute").

## II.

■■■ Respondent alternatively argues that the statute is unconstitutional because it is void for vagueness and overbroad. The district court rejected these challenges, stating "[i]f constitutional, the statute is clear that failure to pay subcontractors with knowledge these sums are unpaid is a crime. It is not vague nor does it violate notions of due process."

Respondent has not filed a notice of review to challenge the district court's ruling on this issue. *See* Minn. R. Civ.App. P. 106 (requiring respondent to file notice of review); Minn. R.Crim. P. 28.04, subd. 3 (allowing defendant seeking review of adverse ruling in state's pretrial appeal to

file cross-appeal). Thus, we need not address this issue on appeal and decline to do so. *See Arndt v. Am. Fam. Ins. Co.*, 394 N.W.2d 791, 793 (Minn.1986) (rejecting respondent's claim that it was not required to file notice of review because judgment was entirely in its favor).[2]

## DECISION

The district court erred in determining that Minn.Stat. § 514.02 (2000) violates the constitutional prohibition against imprisonment for debt. The statute criminalizes a contractor's misapplication of funds paid by a homeowner for an improvement to real estate, not the failure to pay a debt owed to a subcontractor. We therefore reverse and remand to the district court to reinstate the eight counts of the complaint that alleged violations of this statute and that were dismissed by the district court.

**Reversed and remanded.**

**2.** In any event, respondent fails to show that the statute on its face "prohibits constitutionally protected activity, in addition to activity that may be prohibited without offending constitutional rights." *State v. Machholz*, 574 N.W.2d 415, 419 (Minn.1998). The court in *Reps* similarly rejected a due process challenge on void-for-vagueness grounds and concluded that the proscribed conduct was clear: "the statute's terms are violated if a defendant has received payment and has failed to undertake any one of the three courses of action required by the statute within 15 days after he becomes aware of the costs of labor, skill, material, and machinery contributed to that improvement remain unpaid." *Reps*, 302 Minn. at 48, 223 N.W.2d at 787. Thus, Minn. Stat. § 514.02 is not unconstitutionally vague or overbroad.