T.E.S. CONSTRUCTION, INC., Respondent,

v.

Stephen J. CHICILO, Appellant.

No. A09–1822.

Court of Appeals of Minnesota.

June 29, 2010.

Glen F. Meyer, Meyer Law Office, Rockford, MN, for respondent.

James C. Whelpley, James Whelpley & Associates, Chartered, Roseville, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; SCHELLHAS, Judge; and MUEHLBERG, Judge.*

## OPINION

HUDSON, Judge.

Appellant challenges the district court's conclusion that he violated Minn.Stat. § 514.02, subd. 1. Appellant argues that section 514.02 is inapplicable because (1) he has not been criminally convicted of theft of the proceeds of payments received for contributions to an improvement to real estate in connection with Minn.Stat. § 514.01 (2008); (2) the statute is designed to protect a landowner; and (3) he did not misappropriate any "payment" made for respondent subcontractor's work. Appellant also argues that the district court did not apply the correct standard of proof. For the reasons set forth below, we affirm.

## FACTS

Appellant Stephen Chicilo was an officer and director of Chicilo Homes Inc., a corporation that purchased real estate and supervised the construction of homes on the purchased properties. Chicilo Homes borrowed money from various lenders to finance its construction projects.

Appellant, on behalf of Chicilo Homes, hired respondent T.E.S. Construction Inc. (TES) to provide framing services for several construction projects. For each of the five projects at issue here, TES completed its work and submitted an invoice to Chici-

lo Homes. Appellant then submitted pay-order requests, which included mechanic's lien waivers and invoices, to the construction lenders. But instead of requesting that the lenders pay TES for the framing services it had performed, appellant requested that the lenders pay SP Framing Inc. (or some variation of that name). The construction lenders issued checks to SP Framing, and these checks were deposited into a bank account in that corporation's name. Appellant was the sole officer, shareholder, director, and employee of SP Framing; the address of SP Framing is identical to the address of Chicilo Homes.

TES sued appellant under Minn.Stat. § 514.02, subd. 1a, which provides for a civil cause of action against a person who has committed theft of payment proceeds received for contribution to an improvement to real estate. After a bench trial, the district court found that appellant submitted fraudulent documents to the construction lenders in order to receive payment for work that TES had performed. The district court concluded that appellant violated Minn.Stat. § 514.02 (2008) "by taking possession of the payment proceeds received for the construction services" provided by TES and by failing to pay TES for its work. The district court determined that appellant's actions constituted "theft of the proceeds" under section 514.02, subdivision 1(b).

The district court entered judgment against appellant in the amount of $67,080.50, including costs and attorney fees. This appeal follows.

## ISSUES

I. May a civil action under Minn.Stat. § 514.02, subd. 1a, be brought against a

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals pursuant to Minn. Const. art. VI, § 10.

person who has not been convicted of violating Minn.Stat. § 514.02, subd. 1?

II. Does Minn.Stat. § 514.02 apply if the general contractor owns the improved real estate?

III. Do the funds received by SP Framing from the construction lenders constitute "payments" within the meaning of Minn.Stat. § 514.02?

IV. Was the district court required to apply the beyond-a-reasonable-doubt standard of proof?

## ANALYSIS

■ The application of a statute to undisputed facts is a legal conclusion, which we review de novo. *City of Morris v. Sax Invs., Inc.*, 749 N.W.2d 1, 5 (Minn. 2008).

Statutory construction is a question of law, which this court reviews de novo.... The object of construction of a law is to ascertain and give effect to the legislature's intent. If a law is not ambiguous in its application to an existing situation, however, a court may not ignore the letter of the law in order to pursue what it perceives to be the spirit of the law. Thus, unless there is an inherent ambiguity in the law, this court applies the plain meaning of an act using the usual conventions of syntax and grammar.

*Siemens Bldg. Techs., Inc. v. Peak Mech., Inc.*, 684 N.W.2d 914, 917 (Minn.App.2004) (citations omitted), *review denied* (Minn. Oct. 19, 2004).

### I

Appellant argues that a civil action under Minn.Stat. § 514.02, subd. 1a, cannot be brought against him because he has not been convicted of violating Minn.Stat. § 514.02, subd. 1. We disagree.

■ The plain language of Minn.Stat. § 514.02, subd. 1a, does not require a criminal conviction. The current version of section 514.02 is comprised of four subdivisions, including subdivisions 1 and 1a. *See* Minn.Stat. § 514.02. Subdivision 1 provides that a person contributing to an improvement to real estate who receives the "proceeds of payments" for the improvement must hold the proceeds "in trust for the benefit of those persons who furnished the labor, skill, material, or machinery contributing to the improvement." *Id.*, subd. 1(a). Subdivision 1 also sets forth the elements of the crime of theft of the proceeds. *Id.*, subd. 1(b). Subdivision 1a provides, in relevant part: "A person injured by a violation of subdivision 1 may bring a civil action ... against the person who committed the theft under subdivision 1[.]" *Id.*, subd. 1a. Appellant urges this court to read subdivision 1a's use of the term "violation" to mean criminal conviction of theft, as provided for in subdivision 1(b). We decline to do so because the violation of a statute is unambiguously distinct from a criminal conviction for any such violation. Had the legislature intended to make a person's criminal conviction for the theft described in subdivision 1 of the statute a prerequisite for suing that person in the civil action created by subdivision 1a, it could have done so. It did not, and this court is not free to insert that requirement into the statute. *See Martinco v. Hastings*, 265 Minn. 490, 495, 497, 122 N.W.2d 631, 638 (1963) (stating that changes to a statute must be made by the legislature because "the courts cannot supply that which the legislature purposely omits or inadvertently overlooks"); *cf. State ex rel. Coduti v. Hauser*, 219 Minn. 297, 303, 17 N.W.2d 504, 507–08 (1945) ("The Legislature is at liberty to ignore logic and perpetrate injustice so long as it does not transgress constitutional limits. So if the law, as it stands, results in injus-

tice, it is for the Legislature to remove the cause. It must be done by amendment rather than construction, there being no ambiguity in the later law.") (quoting *State ex rel. Timo v. Juvenile Ct.*, 188 Minn. 125, 128–29, 246 N.W. 544, 546 (1933)). Therefore, we hold that while the plain language of subdivision 1a provides that a civil action may be brought against a person who has committed theft of the proceeds, as defined in subdivision 1, it does not provide that a civil action may be brought only against a person who has been convicted of the crime of theft of the proceeds under subdivision 1. *See Siemens*, 684 N.W.2d at 917 (stating that subdivision 1a is "clear and unambiguous: a civil action may be taken against the person who committed the theft" (quotation omitted)); *see also* Minn.Stat. § 645.08 (2008) (requiring statutes to be construed in accordance with their plain meaning).

## II

Appellant argues that he is not "a person contributing to an improvement to real estate" within the meaning of section 514.02 because his company owned the properties at issue. He argues that the statute applies where a landowner pays a contractor that subsequently fails to pay a subcontractor, but does not apply where a landowner "contributes to his own property." Appellant supports his argument with caselaw stating that the purpose of section 514.02 is to protect homeowners and that a landowner may not file a mechanic's lien upon its own property.

Appellant is correct that section 514.02 protects a landowner that pays a contractor that, in turn, fails to pay a subcontractor. *See Siemens*, 684 N.W.2d at 918. But appellant ignores caselaw stating that section 514.02 also protects an unpaid subcontractor by allowing it to bring a civil action against the contractor that has received payment for work done by the subcontractor. *See id.* (stating that section 514.02 "deals with the unscrupulous or failing contractor who collects from an owner, but fails to pay subcontractors, *and provides both the subcontractor and the owner with a means of recovery and some protection*" (emphasis added)); *Duluth Superior Erection, Inc. v. Concrete Restorers, Inc.*, 665 N.W.2d 528, 531 (Minn.App.2003) (upholding summary judgment against contractor and its shareholders, officers, directors, and agents in civil action under section 514.02 brought by unpaid subcontractor). Section 514.02 protects TES, an unpaid subcontractor, by allowing it to bring a civil action to enforce its agreement with Chicilo Holmes. *See Siemens*, 684 N.W.2d at 918 (stating that the civil action created by section 514.02 is "essentially an action in contract" to enforce the agreement between a subcontractor and a contractor).

As appellant conceded at oral argument, Chicilo Homes was both the owner of the properties and the general contractor for construction on the properties. Appellant argues that because Chicilo Homes owned the property, it—and by extension, appellant—could not have contributed to an improvement to real estate. But because appellant conceded that Chicilo Homes was the general contractor for the construction project, appellant is essentially arguing that the general contractor for the project did not contribute to the improvement of the property. On this record, we decline to adopt such an argument. Further, section 514.02 does not state that it applies only where a contractor is without an interest in the land. Rather, it states that "[p]roceeds of payments received by a person [1] contributing to an improvement

1. " 'Person' may extend and be applied to bodies politic and corporate, and to partner-

to real estate ... shall be held in trust by that person for the benefit of those persons who furnished the labor, skill, material, or machinery contributing to the improvement." Minn.Stat. § 514.02, subd. 1(a). Appellant's distinction between contractors that own the land and contractors that do not own the land is not warranted by the language of Minn.Stat. § 514.02, subd. 1.

Section 514.02 clearly and unambiguously states that civil liability for theft of the proceeds "is limited to a person who contributes to the improvement in real estate." *Siemens,* 684 N.W.2d at 917. Here, appellant was an officer and director of Chicilo Homes, the company that appellant admits acted as the general contractor for construction on the properties. The fact that Chicilo Homes also owned the properties does not alter the fact that appellant, by virtue of his corporate role with Chicilo Homes, contributed to their improvement.

### III

■ Appellant argues that the funds received by SP Framing from the construction lenders were not "payments" made for improvements done by TES. Appellant instead characterizes these transactions as disbursements of "lump sum mortgage proceeds."

Appellant's characterization of the funds paid to SP Framing is misleading. Chicilo Homes, not SP Framing, borrowed money from the construction lenders. In response to the fraudulent documents submitted by appellant, the lenders disbursed loan proceeds directly to SP Framing for subcontract work that had actually been done by TES. The lenders did not disburse loan proceeds to Chicilo Homes related to the framing work.

ships and other unincorporated associations."

Appellant's contention that the checks issued to SP Framing do not constitute "payments" within the meaning of section 514.02 is likewise unavailing. While the statute does not define it, the term "payment" has been defined as "[p]erformance of an obligation by the delivery of money ... accepted in partial or full discharge of the obligation" or "[t]he money ... so delivered in satisfaction of an obligation." *Black's Law Dictionary* 1243 (9th ed. 2009). Here, in response to appellant's fraudulent requests, the lending companies issued checks to pay SP Framing for the work it had ostensibly done. These checks clearly amount to money delivered in order to allow Chicilo Homes to satisfy its obligation to pay its framing subcontractor. Appellant's argument that the funds received by SP Framing are not "payments" is without merit.

### IV

■ Appellant argues that the district court was required to apply the beyond-a-reasonable-doubt standard of proof in determining whether he had committed theft of the proceeds. We disagree.

Identification of the applicable standard of proof is a question of law, which we review de novo. *C.O. v. Doe,* 757 N.W.2d 343, 353 (Minn.2008). "There are three basic standards of proof: preponderance of the evidence, clear and convincing, and beyond a reasonable doubt." *Id.* Where the legislature has not specified a standard of proof for a statutorily created cause of action, courts presume that the legislature intended the preponderance-of-the-evidence standard to apply. *Id.* Because section 514.02, subdivision 1a, does not specify a standard of proof to be applied, and appellant has not shown why the presumptively applicable preponderance-of-the-evi-

Minn.Stat. § 645.44, subd. 7 (2008).

dence standard is inapplicable here, the appropriate standard is preponderance of the evidence.

It is not clear from the record which standard of proof the district court applied. But even if the district court applied a standard of proof higher than preponderance of the evidence, the fact that it found that higher standard to be satisfied shows that appellant was not prejudiced. Therefore, any misapplication of the standard of proof was harmless. *See* Minn. R. Civ. P. 61 (requiring harmless error to be ignored).

### DECISION

Because a civil action under section 514.02, subdivision 1a, may be brought against a person who has not been criminally convicted of violating section 514.02, subdivision 1; because the statute allows an unpaid subcontractor to enforce its contract with a general contractor that also owns the land; because the funds received by SP Framing constitute "payments" within the meaning of the statute; and because the district court was not required to apply the beyond-a-reasonable-doubt standard of proof, the district court did not err by entering judgment against appellant for theft of the proceeds.

**Affirmed.**