**AMCON BLOCK & PRECAST, INC., Appellant,**

v.

**Michael Paul SUESS, Respondent.**

**No. A10–1149.**

Court of Appeals of Minnesota.

Feb. 8, 2011.

Gerald W. Von Korff, Rinke–Noonan, St. Cloud, MN, for appellant.

Daniel R. Kelly, Marnie E. Fearon, Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, MN, for respondent.

Considered and decided by ROSS, Presiding Judge; HUDSON, Judge; and SCHELLHAS, Judge.

**OPINION**

HUDSON, Judge.

On appeal from summary judgment, appellant subcontractor challenges the district court's decision that respondent corporate principal cannot be held civilly liable for theft of the proceeds for contribution to an improvement to real estate under Minn.Stat. § 514.02, subd. 1a. Because the improvement was to commercial real estate, we conclude that respondent is not subject to civil liability under

Minn.Stat. § 514.02, subd. 1a, and we therefore affirm.

## FACTS

The relevant facts are undisputed. Needing concrete-related materials for five of its construction projects, MSC Concrete Inc., as contractor, entered into five subcontracts with appellant Amcon Block & Precast to provide those materials, which were valued at $33,770.22. Amcon provided the materials but was never paid.

At the time of the contracts, respondent Michael Paul Suess was the president and sole shareholder of MSC Concrete. The contracts were executed by MSC Concrete as a corporation, not Suess as an individual. The projects for which Amcon provided materials to MSC Concrete were commercial projects, not residential projects. The project owners paid MSC Concrete for these projects.

Amcon successfully sued for breach of contract, but MSC Concrete ceased doing business in 2009, and Amcon was unable to collect on its judgment. Amcon therefore sued Suess individually, arguing that Suess is liable for theft of the proceeds under section 514.02, subdivision 1a.

The parties filed cross-motions for summary judgment. The district court granted Suess's motion for summary judgment, denied Amcon's motion for summary judgment, and dismissed Amcon's claim with prejudice on the ground that Minn.Stat. § 514.02, subd. 1a, does not impose civil liability on a corporate principal for theft of the proceeds for an improvement to commercial real estate. This appeal follows.

## ISSUE

Is a corporate principal subject to civil liability under Minn.Stat. § 514.02, subd. 1a, for theft of the proceeds for an improvement to commercial real estate?

## ANALYSIS

■ When reviewing an appeal from summary judgment, this court determines first whether there are any genuine issues of material fact, and second whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The parties agree as to the relevant facts. The question before this court is the proper interpretation of Minn.Stat. § 514.02, subd. 1a.

The construction of a statute is a question of law, which this court reviews de novo. *Rosenberg v. Heritage Renovations, LLC,* 685 N.W.2d 320, 324 (Minn.2004). The object of statutory construction is to ascertain and effectuate the intent of the legislature. Minn.Stat. § 645.16 (2010); *Weiler v. Ritchie,* 788 N.W.2d 879, 884 (Minn.2010). "When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous." *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000). If the statutory language is unambiguous, this court applies the statute's plain meaning. Minn.Stat. § 645.16; *Brua v. Minn. Joint Underwriting Ass'n,* 778 N.W.2d 294, 300 (Minn.2010). But if the statutory language is ambiguous, this court resorts to the canons of statutory construction. Minn.Stat. § 645.16; *Premier Bank v. Becker Dev., LLC,* 785 N.W.2d 753, 759 (Minn.2010). The language of a statute is ambiguous only if it is susceptible of more than one reasonable interpretation. *Brayton v. Pawlenty,* 781 N.W.2d 357, 363 (Minn.2010).

When interpreting a statute, we read "a particular provision in context with other provisions of the same statute in order to determine the meaning of the particular provision." *ILHC of Eagan, LLC v. Cnty. of Dakota,* 693 N.W.2d 412, 419 (Minn.

2005). We also presume that the legislature "understood the effect of its words and intended the entire statute to be effective and certain." *Id.* (quotation omitted). Minn.Stat. § 514.02, subd. 1a, refers to Minn.Stat. § 514.02, subd. 1. Thus, to ascertain the effect of subdivision 1a, we must read it within the context of subdivision 1.

Subdivision 1(a) states that a person who contributes to an improvement to real estate within the meaning of section 514.01 (2010) and receives the "[p]roceeds of a payment" for the improvement must hold the proceeds "in trust . . . for the benefit of those persons who furnished the labor, skill, material, or machinery contributing to the improvement." Minn.Stat. § 514.02, subd. 1(a). Subdivision 1(b) describes the circumstances in which criminal penalties are available for theft of the proceeds. Minn.Stat. § 514.02, subd. 1(b). Subdivision 1(b) states that "[i]f a person fails to use the proceeds of a payment made to that person for the improvement, for the payment for labor, skill, material, and machinery contributed to the improvement, knowing that the cost of the labor performed, or skill, material, or machinery furnished remains unpaid" and does not provide the person making the payment with either "a valid lien waiver under section 514.07, or a payment bond in the basic amount of the contract price for the improvement," the person will be guilty of theft of the proceeds and may be punished under Minn.Stat. § 609.52 (2010) for the theft. Minn.Stat. § 514.02, subd. 1(b). The subdivision further provides that "[f]or an improvement to residential real estate . . . a shareholder, officer, director, or agent of a corporation who is responsible for the theft shall be guilty of theft of the proceeds." *Id.*

Subdivision 1a sets forth the circumstances under which civil liability attaches for theft of the proceeds. Minn.Stat. § 514.02, subd. 1a. The subdivision provides that a person who is injured by a violation of subdivision 1 can bring a civil action

(1) against the person who committed the theft under subdivision 1; and

(2) *for an improvement to residential real estate . . .* against a shareholder, officer, director, or agent of a corporation who is not responsible for the theft but who knowingly receives proceeds of the payment as salary, dividend, loan repayment, capital distribution, or otherwise.

*Id.* (emphasis added).

Amcon interprets subdivision 1a as subjecting corporate principals to civil liability for theft of the proceeds of a payment, regardless of whether the payment at issue was for an improvement to commercial or residential real estate. Suess counters that subdivision 1a subjects corporate principals to civil liability for theft of the proceeds only when the payment is for an improvement to residential real estate. As we discuss below, this provision is unambiguous, and we conclude that Suess's interpretation, which was adopted by the district court, reflects the plain meaning of subdivision 1a.

Because a person's civil liability under subdivision 1a arises from that person's criminal liability under subdivision 1(b), we first examine the scope of subdivision 1(b). The first sentence of subdivision 1(b) states that a person who receives payment for a contribution to the improvement of real estate is guilty of theft of the proceeds if the person (1) fails to pay subcontractors who contributed to that improvement, (2) knows that the amount remains unpaid, and (3) fails to provide the payor with a lien waiver or payment bond. Minn.Stat. § 514.02, subd. 1(b). According to Amcon, this sentence imposes broad criminal liabil-

ity on any person, including a corporate principal acting on behalf of the corporation, who receives a payment but fails to pay his subcontractor. *See id.*

If the text of subdivision 1(b) stopped there, Amcon's position would be more persuasive. But subdivision 1(b) contains a second sentence, which states that when the improvement is to *residential real estate,* "a shareholder, officer, director, or agent of a corporation who is responsible for the theft shall be guilty of theft of the proceeds." *Id.* (emphasis added). According to Suess, in the case of improvements to residential real estate, this second sentence limits the criminal liability of shareholders, officers, directors, and agents of a corporation to those "who [are] responsible for the theft." *See id.* We agree. While the first sentence of subdivision 1(b) appears to impose broad criminal liability on *any* person who commits theft of the proceeds, the second sentence specifically limits the criminal liability of corporate officers responsible for the theft to situations in which the improvement involves *residential real estate. See id.*

Amcon contends that this interpretation conflicts with the common-law rule that, "a corporate officer is criminally liable for his own acts, even if done in his official capacity, and he is liable either directly as a principal or as an aider and abettor." *State v. Williams,* 324 N.W.2d 154, 157 (Minn.1982). A prior version of section 514.02, subdivision 1, imposed criminal liability on any "person" who committed a theft of proceeds. Minn.Stat. § 514.02, subd. 1 (1998). The definition of "person" includes, but is not limited to, "bodies politic and corporate, and to partnerships and other unincorporated associations," without exception. Minn.Stat. § 645.44, subd. 7 (2010). Thus, the prior version of the statute appears to have comported with the common-law rule. *See*

Minn.Stat. § 514.02, subd. 1 (1998); *Williams,* 324 N.W.2d at 157. But in 2000, the Minnesota legislature amended subdivision 1, which now provides that "[f]or an improvement to residential real estate ... a shareholder, officer, director, or agent of a corporation who is responsible for the theft shall be guilty of theft of the proceeds." Minn.Stat. § 514.02, subd. 1(b) (reflecting amendment by 2000 Minn. Laws ch. 430, § 1, at 922–23). A statutory enactment can abrogate the common law "by express wording or necessary implication." *Ly v. Nystrom,* 615 N.W.2d 302, 314 (Minn.2000). Even though a corporate principal may be a "person" who fails to pay a subcontractor for an improvement, knows that the amount remains unpaid, and does not obtain a lien waiver or bond, he cannot be held criminally liable for his actions under subdivision 1(b) unless the improvement was to residential real estate. *See* Minn.Stat. § 514.02, subd. 1(b).

Adopting Amcon's interpretation of the statute would also render the last sentence of subdivision 1(b) superfluous. Minn.Stat. § 514.02, subd. 1(b). "Every law shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16. Under Amcon's interpretation of subdivision 1(b), a corporate principal would be criminally liable for theft of the proceeds in any situation in which he committed, aided, or abetted the theft, regardless of whether the improvement at issue is to residential or commercial real estate. *See* Minn.Stat. § 514.02, subd. 1(b). But if that were so, there would have been no reason for the legislature to have added the last sentence to subdivision 1(b); it would only reiterate that where the improvement is to residential real estate, corporate officers who are responsible for a theft of the proceeds are subject to criminal liability. *Id.* "Whenever it is possible, no word, phrase, or sentence should be deemed superfluous, void,

or insignificant." *Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn.1999). There is a simple way to read subdivision 1(b) to give meaning to all of its language, specifically by interpreting this provision, as the district court did, to impose criminal liability on corporate officers who are responsible for a theft of the proceeds only when the improvement is to residential real estate. *See* Minn.Stat. § 514.02, subd. 1(b).

Having determined the meaning of subdivision 1(b), we turn to subdivision 1a, which provides that a person injured under subdivision 1 may bring a civil action either

> (1) against the person who committed the theft under subdivision 1 or

> (2) for an improvement to residential real estate ... against a shareholder, officer, director, or agent of a corporation who is not responsible for the theft but who knowingly receives proceeds of the payment as salary, dividend, loan repayment, capital distribution, or otherwise.

Minn.Stat. § 514.02, subd. 1a. Neither of these provisions imposes civil liability on a corporate principal who is responsible for the theft of the proceeds of a payment for an improvement to commercial real estate. *Id.* As discussed above, subdivision 1a(1) is not applicable here because the corporate principal is not the person who committed a theft under subdivision 1. *Id.*, subd. 1a(1); *see id.*, subd. 1(b). And because the improvement at issue is not to residential real estate, subdivision 1a(2) is not applicable. *Id.*, subd. 1a(2). Thus, because the improvement at issue here was to commercial real estate, Suess is shielded from criminal liability under subdivision 1(b), and as a consequence, from civil liability under subdivision 1a. *See id.*, subds. 1(b), 1a.

Nevertheless, Amcon contends that the district court's interpretation of section 514.02 is incorrect because (1) it contravenes the legislature's purpose in amending section 514.02, which was to create civil liability for theft of the proceeds, and (2) it is inconsistent with this court's recent decision in *T.E.S. Constr., Inc. v. Chicilo*, 784 N.W.2d 392 (Minn.App.2010), *review denied* (Minn. Sept. 21, 2010). Amcon's arguments are unconvincing.

■ Initially, Amcon argues that the legislature would never have amended section 514.02 in 2000 to create civil liability for theft of the proceeds while eliminating criminal liability—and as a consequence, omitting civil liability—for corporate principals who are responsible for a theft of the proceeds when the improvement is to commercial real estate. *See State v. Bren*, 704 N.W.2d 170, 174 (Minn.App.2005) (summarizing 2000 amendment of section 514.02 as "adding subdivision 1a, which provides a limited civil remedy, and substantially rewriting subdivision 1," which enumerates criminal penalties), *review denied* (Minn. Dec. 13, 2005). That the legislature appears to have provided more protection for homeowners involved in residential real estate transactions is not—on its face—an unreasonable position. Amcon may disagree with the policy decisions made by the legislature, but it is not within the purview of this court to supply through statutory construction that which the legislature has eliminated or omitted through the legislative process. *See State ex rel. Coduti v. Hauser*, 219 Minn. 297, 303, 17 N.W.2d 504, 507–08 (1945) ("[Any correction to an injustice in the law] must be done by amendment rather than construction, there being no ambiguity in the later law." (Quotation omitted.)).

Amcon also contends that the district court's interpretation of section 514.02 is inconsistent with this court's recent decision in *Chicilo*. Amcon's reliance on *Chi-*

*cilo* is misplaced. In *Chicilo,* we were not asked to decide the issue presented here. *See Skelly Oil Co. v. Comm'r of Taxation,* 269 Minn. 351, 371, 131 N.W.2d 632, 645 (1964) (cautioning that an opinion must be read in light of the issues presented). In *Chicilo,* we considered whether the president of a corporation had to first be convicted under subdivision 1(b) before he could be held civilly liable under subdivision 1a for theft of the proceeds. *Chicilo,* 784 N.W.2d at 394–95. We did not have occasion to address whether a corporate principal could be criminally liable and therefore civilly liable for theft of the proceeds from an improvement to commercial real estate. *See id.*

Moreover, there is no inconsistency between our holding in *Chicilo* and our holding here. In *Chicilo,* the improvement at issue was to residential real property, and the defendant could be held criminally liable under subdivision 1(b) or civilly liable under subdivision 1a. *Id.* at 395–97; Minn.Stat. § 514.02, subds. 1(b), 1a. In contrast, the improvement at issue here was to commercial real estate. Even if Suess were responsible for the theft of the proceeds or had knowingly received the proceeds, he is not subject to criminal liability under subdivision 1(b) or civil liability under subdivision 1a. *See* Minn.Stat. § 514.02, subds. 1(b), 1a(1).

## DECISION

Because Amcon entered a subcontract with MSC Concrete, not Suess individually, and because Amcon provided materials for a commercial, not a residential, real estate project, Amcon cannot pursue a civil claim for a theft of the proceeds against Suess under Minn.Stat. § 514.02, subd. 1a.

**Affirmed.**