# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———————

No. 11-6008

———————

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Scott Alfred Thompson; | * | |
| Kirsten Marie Thompson, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Reshetar Systems, Inc. | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Plaintiff-Appellant, | * | District of Minnesota |
| | * | |
| v. | * | |
| | * | |
| Scott Alfred Thompson, | * | |
| | * | |
| Defendant-Appellee. | * | |

———————

Submitted: July 27, 2011
Filed: October 4, 2011

———————

Before SCHERMER, VENTERS, and NAIL, Bankruptcy Judges.

———————

NAIL, Bankruptcy Judge.

Reshetar Systems, Inc. appeals the January 20, 2011 judgment of the bankruptcy court[1] determining the debt owed to Reshetar Systems, Inc. by Debtor Scott A. Thompson was not excepted from discharge. We affirm.

BACKGROUND

Debtor Scott A. Thompson ("Debtor") was the sole owner and president of Construction 70, Inc. ("Construction 70"). In September 2003, Construction 70 entered into a contract with Applebee's International, Inc. ("Applebee's") to build a restaurant in Cambridge, Minnesota. Reshetar Systems, Inc. ("Reshetar") agreed to provide Construction 70 the labor, materials, skills, and equipment necessary to perform carpentry and drywall work for the project.

Reshetar kept its end of the bargain, completing its work in January 2004. However, despite being paid at least most of what it claimed it was owed by Applebee's,[2] Construction 70 failed to pay Reshetar $48,293.81 of the total amount it was owed. As a result, Reshetar commenced a lawsuit against Construction 70 and Debtor in Minnesota state court. The parties settled that lawsuit in June 2009, with Debtor executing a confession of judgment for $78,000.00.[3]

---

[1]  The Honorable Gregory F. Kishel, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

[2]  Various disputes between Applebee's and Construction 70 led to litigation between those parties in Kansas state court. That litigation was resolved when Applebee's and Construction 70 entered into a settlement agreement in March 2007.

[3]  The difference between the $48,293.81 Construction 70 owed Reshetar and the $78,000.00 for which Debtor confessed judgment is attributable to attorney fees and interest.

On December 30, 2009, Debtor filed a petition for relief under chapter 7 of the bankruptcy code. Reshetar timely filed a complaint under 11 U.S.C. § 523(a)(2)(A), (4), and (6) to determine the dischargeability of the $78,000.00 owed to it by Debtor. The matter was tried, and on January 20, 2011, the bankruptcy court entered a judgment in favor of Debtor. Reshetar timely filed a notice of appeal.[4]

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *See R & R Ready Mix v. Freier* (*In re Freier*), 604 F.3d 583, 587 (8th Cir. 2010) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997)). More specifically, we review *de novo* the bankruptcy court's interpretation of a contract. *See Bremer Bank v. John Hancock Life Ins. Co.*, 601 F.3d 824, 829 (8th Cir. 2010). We also review *de novo* the bankruptcy court's interpretation of a statute. *See Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786, 796 (8th Cir. 2005).

## DISCUSSION

### 11 U.S.C. § 523(a)(4)–fraud or defalcation

Section 523(a)(4) excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity[.]" State law may impose fiduciary duties on a debtor. *Barclays American/Business Credit, Inc. v. Long* (*In re Long*), 774 F.2d 875, 878 (8th Cir. 1985). However, whether a given relationship is a fiduciary relationship within the meaning of § 523(a)(4) is a question of federal law. *Tudor Oaks Limited Partnership v. Cochrane* (*In re Cochrane*), 124 F.3d 978, 984 (8th Cir. 1997). "[T]he broad, general definition of fiduciary–a relationship involving confidence, trust and

---

[4]     On appeal, Reshetar abandoned its claim under § 523(a)(2)(A).

good faith–is inapplicable in the dischargeability context." *Cal-Micro, Inc. v. Cantrell* (*In re Cantrell*), 329 F.3d 1119, 1125 (9th Cir. 2003) (quoted in *Hunter v. Philpott*, 373 F.3d 873, 876 (8th Cir. 2004)).

The fiduciary relationship between the debtor and the creditor must arise from an express or technical trust. *Cochrane*, 124 F.3d at 984. An express trust is one "created with the settlor's express intent, usu[ally] declared in writing." *Black's Law Dictionary* 1650 (9th ed. 2009). A technical trust is one imposed by statute or common law. *E. Armata, Inc. v. Parra* (*In re Parra*), 412 B.R. 99, 104 (Bankr. E.D.N.Y. 2009) (citation omitted); *A.J. Rinella & Co. v. Bartlett* (*In re Bartlett*), 397 B.R. 610, 619 (Bankr. D. Mass. 2008).

Reshetar first argues MINN. STAT. § 514.02 created the requisite fiduciary relationship between the parties[5] with respect to the payments Construction 70 received from Applebee's for the carpentry and drywall work performed by Reshetar. Pursuant to that statute, "[p]roceeds of payments received by a person contributing to an improvement to real estate . . . shall be held in trust by that person for the benefit of those persons who furnished the labor, skill, material, or machinery contributing to the improvement." MINN. STAT. § 514.02, subd. 1. However, the statute goes on to provide: "Nothing contained in this subdivision shall require money to be placed in a separate account and not commingled with other money of the person receiving payment or create a fiduciary liability or tort liability on the part of any person receiving payment[.]" *Id.*

---

[5] The bankruptcy court found Debtor had acknowledged he was personally liable for the actions of Construction 70. Debtor did not challenge this finding on appeal.

-4-

The express bar against the creation of a fiduciary liability led the bankruptcy court to conclude MINN. STAT. § 514.02 "does not create a fiduciary relationship cognizable under Section 523(a)(4)." We agree:

> [MINN. STAT. § 514.02] specifically precludes the finding of a fiduciary relationship between the person contributing to an improvement to real estate and the person for whose benefit the proceeds were received. In other words, [the contractor's principal], acting on behalf of [the contractor], received payment and had an obligation to protect the interest of [the subcontractor], but neither [the contractor nor its principal] had a fiduciary liability to [the subcontractor].

*R & R Ready Mix, Inc. v. Freier* (*In re Freier*), 402 B.R. 891, 900 (B.A.P. 8th Cir. 2009), *rev'd on other grounds*, 604 F.3d 583 (8th Cir. 2010).[6]

Alternatively, Reshetar argues because Construction 70 was insolvent when it received its final payment from Applebee's in 2007, Minnesota common law created the requisite fiduciary relationship between the parties with respect to Construction 70's disbursement of that final payment. Under Minnesota common law, "[w]hen a corporation is insolvent, or on the verge of insolvency, its directors and officers become fiduciaries of the corporate assets for the benefit of creditors." *Snyder Elec.*

---

[6] Reshetar devoted a substantial portion of its opening brief to a preemptive strike against any attempt by Debtor to rely on the Minnesota Court of Appeals' opinion in *Amcon Block & Precast, Inc. v. Suess*, 794 N.W.2d 386 (Minn. App. 2011). In that case, which was decided 19 days after the trial in this case, the Minnesota Court of Appeals held a corporate contractor's principal is not civilly liable under MINN. STAT. § 514.02 in cases involving an improvement to commercial real estate. While we are not precluded from considering the Minnesota Court of Appeals' opinion, *see Henning v. Mainstreet Bank*, 538 F.3d 975, 979 (8th Cir. 2008), we see no need to do so in this case.

*Co. v. Fleming*, 305 N.W.2d 863, 869 (Minn. 1981) (citation omitted). However, the trust is imposed, not when the corporation becomes insolvent, but only if and when the directors and officers prefer themselves over other corporate creditors: "Absent self-dealings to the detriment of other creditors, the directors and officers of a corporation, once it becomes insolvent, are not transformed into a trust relationship[.]" *St. James Capital Corp. v. Pallet Recycling Associates of North America, Inc.*, 589 N.W.2d 511, 517 (Minn. App. 1999).

This is a classic example of a constructive trust. *See Hunter*, 373 F.3d at 876 (referring to a constructive trust as one "imposed by law because of the trustee's malfeasance"); *Long*, 774 F.2d at 878 (referring to a constructive trustee as one "designated as such because of misconduct"). The trustee of a constructive trust is not a fiduciary within the meaning of § 523(a)(4). *Hunter*, 373 F.3d at 875-76; *Long*, 774 F.2d at 878. Consequently, the Minnesota common law delineated in *Snyder Elec. Co.* does not create the fiduciary relationship required by § 523(a)(4), either.

11 U.S.C. § 523(a)(4)–embezzlement

Section 523(a)(4) also excepts from discharge a debt for embezzlement. For the purposes of this exception, embezzlement is the "fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Belfry v. Cardozo* (*In re Belfry*), 862 F.2d 661, 662 (8th Cir. 1988) (citation omitted). To prevail, the creditor must establish "the debtor improperly used the creditor's property before complying with some obligation to the creditor." *Werner v. Hofmann*, 5 F.3d 1170, 1172 (8th Cir. 1993) (citation omitted).

Reshetar argues the funds Applebee's paid Construction 70 for Reshetar's carpentry and drywall work belonged to Reshetar. It claims Minnesota law–presumably MINN. STAT. § 514.02–and both the contract between Applebee's

-6-

and Construction 70 and the subcontract between Construction 70 and Reshetar required Construction 70 to deliver the funds it received from Applebee's to Reshetar upon its receipt of those funds. Reshetar also claims Construction 70 had no right to use those funds for any purpose other than to pay Reshetar.

The bankruptcy court correctly concluded otherwise. MINN. STAT. § 514.02, the contract between Applebee's and Construction 70, and the subcontract between Construction 70 and Reshetar gave Reshetar the contractual right to be paid for its carpentry and drywall work. Nothing in the statute, the contract, or the subcontract, however, gave Reshetar specific property rights in the payments Construction 70 received from Applebee's. Those payments belonged to Construction 70, and Construction 70's use of its own property did not amount to embezzlement.

## 11 U.S.C. § 523(a)(4)–larceny

Section 523(a)(4) also excepts from discharge a debt for larceny. For the purposes of this exception, larceny is the "wrongful taking and carrying away of the property of another with the intent to convert such property to the taker's use without the consent of the owner." *Kansas Bankers Surety Co. v. Eggleston* (*In re Eggleston*), 243 B.R. 365, 378 (Bankr. W.D. Mo. 2000) (citation omitted). The exception does not apply if the debtor's original possession of the property is lawful. *Hofmann*, 5 F.3d at 1172.

The bankruptcy court found the payments from Applebee's to Construction 70 "certainly didn't come into [Construction 70's] possession and control unlawfully." Inasmuch as Construction 70 was contractually entitled to receive those payments, the bankruptcy court's finding cannot be said to be erroneous, much less clearly erroneous. Again, those payments belonged to Construction 70, and its use of its own property did not amount to larceny.

11 U.S.C. § 523(a)(6)

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" Such a debt must be the result of an injury that is both a "willful injury" and a "malicious injury." *Blocker v. Patch* (*In re Patch*), 526 F.3d 1176, 1180 (8th Cir. 2008) (citing *Fischer v. Scarborough* (*In re Scarborough*), 171 F.3d 638, 641 (8th Cir. 1999); *see Sells v. Porter* (*In re Porter*), 539 F.3d 889, 893-94 (8th Cir. 2008). A willful injury is one resulting from the commission of an intentional tort. *Geiger v. Kawaauhau* (*In re Geiger*), 113 F.3d 848, 853 (8th Cir. 1997), *aff'd*, 523 U.S. 57 (1998). A malicious injury is one resulting from conduct "targeted at the creditor . . . at least in the sense that the conduct is certain or almost certain to cause financial harm." *Long*, 774 F.2d at 881.

With respect to the requirement of a willful injury, Reshetar argues Construction 70's failure to pay Reshetar when Applebee's paid Construction 70 for Reshetar's carpentry and drywall work amounts to the intentional tort of conversion. Under Minnesota law, "[t]he elements of common law conversion are (1) the plaintiff has a property interest and (2) the defendant deprives the plaintiff of that interest." *Lassen v. First Bank Eden Prairie*, 514 N.W.2d 831, 838 (Minn. App. 1994), *review denied* (Minn. June 29, 1994).

The bankruptcy court found "there was no property of [Reshetar] in the hands of [Construction 70] . . . to convert[.]" For the reasons discussed above, we agree. Construction 70's use of its own property did not amount to conversion.

While this effectively disposes of Reshetar's claim under § 523(a)(6), we note the bankruptcy court also found there was no malicious injury:

"[T]here just isn't the evidence [of malice] here because the actions of the debtor . . . all were undertaken, according to his really uncontroverted testimony, in an effort to try to make good out of a bad situation. . . . [T]he evidence doesn't support any guile, any intent to shaft anybody on the part of [Construction 70] or [Debtor]."

Reshetar advances a different interpretation of the evidence. However, giving due regard to the bankruptcy court's opportunity to judge Debtor's credibility–as we are required by Fed.R.Bankr.P. 8013 to do–we cannot say the bankruptcy court's finding was clearly erroneous.

## CONCLUSION

For the foregoing reasons, we affirm the bankruptcy court's judgment determining the debt owed to Reshetar Systems, Inc. by Debtor Scott A. Thompson was not excepted from discharge.