*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0246**

Fieseler Masonry, Inc.,
Appellant,

vs.

City of Mabel, et al.,
Respondents,

Exact Construction Company, LLC,
Defendant.

**Filed September 8, 2014
Affirmed
Schellhas, Judge**

Fillmore County District Court
File No. 23-CV-12-667

William L. French, Rochester, Minnesota (for appellant)

Christopher W. Harmoning, Gray, Plant, Mooty, Mooty & Bennett, P.A., St. Cloud, Minnesota (for respondents)

Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Rodenberg, Judge.

UNPUBLISHED OPINION

**SCHELLHAS**, Judge

In this dispute over nonpayment for construction work, appellant challenges the district court's grant of summary judgment to respondents on its statutory, breach-of-contract, and equitable claims. We affirm.

**FACTS**

Respondents City of Mabel and Alliance Building Construction Corp. entered into a contract for the construction of the Mabel Community Center, and Alliance posted performance and payment bonds. Alliance and defendant Exact Construction LLC[1] entered into a $112,612 subcontract for the Mabel construction work. Alliance and Exact later executed a change order regarding masonry and burnished block that increased the payment due to Exact under the subcontract to $150,812. Appellant Fieseler Masonry Inc., without seeing the job site, reached an agreement with Exact to build a straight block wall requiring 2800 block for $14,200. At the direction of Tony Braun of Alliance, Mark Fieseler of Fieseler Masonry met with Braun at the job site on July 28, 2011. Braun said that he wanted Fieseler Masonry to start work right away. Fieseler returned the next day to set up the job. On August 1, 2011, Fieseler went to the job site to start work and realized that "the job was going to be much more time consuming than Exact had led [Fieseler Masonry] to believe." On August 10, 2011, Exact sent Fieseler Masonry an e-mail, "confirm[ing] . . . the agreement between Exact Construction and Fieseler Masonry for work to be performed on the Mabel City Hall project" for payment of "the sum of

---

[1] Exact has not participated in this appeal.

2

$14,200 for labor only in the installation of all interior burnished block and any associated labor involved in insulation, clean up, and repairs of unsatisfactory work with relation to the burnished block only." Fieseler Masonry did not respond to this e-mail.

After Fieseler Masonry began work on the job, Fieseler spoke with Darin Jensen of Exact and asked him to come to the job site to "straighten things out," but no one from Exact ever appeared on the job site during Fieseler Masonry's work, and Exact did not return Fieseler's many calls. Ultimately, Fieseler Masonry contacted Alliance and demanded more money, threatening to abandon the job unless it received payment. Fieseler Masonry claims that Alliance responded that, if forced to hire a replacement, it "would come after" Fieseler Masonry. Fieseler Masonry therefore remained on the job and completed it on September 25. "Instead of taking one week and 120 man hours," the job took seven weeks and 887.5 man hours. Fieseler Masonry sent Exact one invoice for $13,444.81 on September 1. On September 13, Exact informed Alliance that it could not complete the remainder of its subcontract work. Due to Exact's default, Alliance terminated the subcontract on October 10.

In December 2011, Fieseler Masonry submitted an invoice to Alliance for $82,983.92 and filed a mechanic's lien against the Mabel property. Fieseler Masonry did not file a claim under Alliance's payment bond. In September 2012, Fieseler Masonry commenced this lawsuit to obtain payment, seeking in part to enforce its mechanic's lien. On summary-judgment motions, the district court first dismissed Fieseler Masonry's mechanic's lien claim and later dismissed all remaining claims.

This appeal follows.

On appeal from summary judgment, appellate courts "view the evidence in the light most favorable to the party against whom summary judgment was granted to determine whether there are any genuine issues of material fact and whether the district court correctly applied the law." *Dukowitz v. Hannon Sec. Servs.*, 841 N.W.2d 147, 150 (Minn. 2014). A district court properly grants summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. "No genuine issue for trial exists when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *McKee v. Laurion*, 825 N.W.2d 725, 729 (Minn. 2013) (quotations omitted). Appellate courts "review de novo a district court's grant of summary judgment." *Dukowitz*, 841 N.W.2d at 150.

In its complaint, Fieseler Masonry asserted alternate theories of recovery. Fieseler Masonry sought to enforce a mechanic's lien against the City of Mabel and alleged promissory estoppel against Alliance; entitlement to payment under Minn. Stat. § 514.02, subd. 1a (2012), against Alliance and Exact; unjust enrichment against the City of Mabel, Alliance, and Exact; and breach of contract against Alliance.[2] On appeal, Fieseler Masonry does not challenge the district court's dismissal of its mechanic's-lien claim.

---

[2] We cite the most recent version of the statutes in this opinion because they have not been amended in relevant part. *See Interstate Power Co. v. Nobles Cnty. Bd. of Comm'rs*, 617 N.W.2d 566, 575 (Minn. 2000) (stating that, generally, "appellate courts apply the law as it exists at the time they rule on a case").

4

Fieseler Masonry challenges the court's summary-judgment dismissal of its remaining claims. We address each claim in turn.

***Claim under Minn. Stat. § 514.02, subd. 1a***

In dismissing this claim, the district court noted that respondents made no mention of Minnesota Statutes section 514.02, subdivision 1a, in their motion, but the court nevertheless concluded, in light of Minnesota Statutes section 469.155, subdivision 16 (2012), that the provisions of chapter 514, as they relate to labor and materials, are not applicable to Fieseler Masonry's claim because, under the City of Mabel's requirement, Alliance secured a performance bond.[3] Minnesota Statutes section 469.155, subdivision 16, provides that if "a contractor's payment and performance bond of the kind described in section 574.26" is required, then "the provisions of chapter 514 relating to liens for labor and materials are not applicable with respect to work done or labor or materials supplied for the project."[4] *See also Judd Supply Co., Inc. v. Merchs. & Mfrs. Ins. Co.*, 448 N.W.2d 895, 898 (Minn. App. 1989) (noting that "if a [contractor's] bond is required [under Minn. Stat. § 469.55, subd. 16], then the provisions of Minn. Stat. ch. 514 (relating to mechanics' liens) are not applicable"), *review denied* (Minn. Feb. 21, 1990).

---

[3] In their reply memorandum to the district court, respondents argued for summary judgment on Fieseler Masonry's statutory claim.

[4] Minnesota Statutes section 574.26, subdivision 1(a)-(b) (2012), provides that sections 574.26 to 574.32 are the "Public Contractors' Performance and Payment Bond Act," and that "[f]or the purposes of the act[,] . . . 'labor and materials' means work, skill, tools, machinery, materials, . . . and . . . 'contract' means a contract with a public body for the doing of public work."

We review application of a statute de novo, *see Anderson v. Christopherson*, 816 N.W.2d 626, 630 (Minn. 2012), and conclude that the district court's reasoning is correct. First, we conclude that Minnesota Statutes section 514.02, subdivision 1 (2012), relates to a lien for labor and materials. Section 514.02, subdivision 1, requires that proceeds received by certain persons that relate "to an improvement to real estate within the meaning of section 514.01" be "held in trust . . . for the benefit of those persons who furnished the labor, skill, [or] material . . . contributing to the improvement." Minnesota Statutes section 514.01 (2012), provides that "[w]hoever . . . contributes to the improvement of real estate by performing labor, or furnishing skill, material or machinery . . . shall have a lien upon the improvement, and upon the land on which it is situated." Second, respondents correctly argue that Alliance did not violate Minn. Stat. § 514.02, subd. 1, because Alliance posted a payment bond. *See* Minn. Stat. § 514.02, subd. 1(b) (stating that no theft occurs when the recipient of the proceeds "furnished the person making such payment . . . a payment bond in the basic amount of the contract price for the improvement"); *Amcon Block & Precast, Inc. v. Suess*, 794 N.W.2d 386, 388 (Minn. App. 2011) (noting that one element of Minn. Stat. § 514.02, subd. 1(b), is "fail[ure] to provide the payor with a lien waiver or payment bond").

Fieseler Masonry argues that the district court erred by granting summary judgment sua sponte on its claim under Minnesota Statutes section 514.02, subdivision 1a. A district court may grant summary judgment sua sponte "when (a) no genuine issues of material fact remain, (b) one of the parties deserves judgment as a matter of law, and (c) the absence of a formal motion creates no prejudice to the party against whom

6

summary judgment is granted." *Hebrink v. Farm Bureau Life Ins. Co.*, 664 N.W.2d 414, 419 (Minn. App. 2003); *see Del Hayes & Sons, Inc. v. Mitchell*, 304 Minn. 275, 281, 230 N.W.2d 588, 592 (1975) (affirming a district court's grant of summary judgment sua sponte). Here, no genuine issue of material fact exists regarding Fieseler Masonry's statutory claim because the sole determinative fact, that Alliance posted payment and performance bonds, is not disputed, and Alliance therefore is entitled to judgment as a matter of law on this claim. We conclude that the district court did not err by granting summary judgment sua sponte on Fieseler Masonry's statutory claim. Because we affirm based on the district court's legal analysis, we need not reach respondents' remaining alternative arguments.

### Breach-of-Contract Claim

Fieseler Masonry argues that the district court erred by granting summary judgment to Alliance on its breach-of-contract claim because a fact issue exists with respect to the existence of a contract. "[T]o state a claim for breach of contract, the plaintiff must show (1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011). "The formation of a contract requires communication of a specific and definite offer, acceptance, and consideration." *Commercial Assocs., Inc. v. Work Connection, Inc.*, 712 N.W.2d 772, 782 (Minn. App. 2006) (citing *Pine River State Bank v. Mettille*, 333 N.W.2d 622, 626–27 (Minn. 1983)). Whether a contract is formed is judged by the objective conduct of the parties and not their subjective intent. *See SCI*

7

*Minn. Funeral Servs., Inc. v. Washburn-McReavy Funeral Corp.*, 795 N.W.2d 855, 864 (Minn. 2011) ("Whether mutual assent exists is tested under an objective standard.").

The district court concluded that a contract existed between Fieseler Masonry and Exact, not between Fieseler Masonry and Alliance. Fieseler Masonry argues that it had a contract with Alliance, not Exact. No record evidence supports Fieseler Masonry's argument. We therefore conclude that the district court did not err by granting summary judgment to Alliance on Fieseler Masonry's breach-of-contract claim.

### Claims for Equitable Relief

Fieseler Masonry argues that the district court erred by granting summary judgment to respondents on its claims of promissory estoppel and unjust enrichment. "A party may not have equitable relief where there is an adequate remedy at law available." *ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 305 (Minn. 1996). Appellate courts review de novo whether a party has an adequate remedy at law. *Id.* The district court concluded that Fieseler Masonry had two adequate remedies at law: a breach-of-contract claim against Exact and a claim against Alliance's payment bond.

#### Existence of Valid Contract

"[E]quitable relief cannot be granted where the rights of the parties are governed by a valid contract." *U.S. Fire Ins. v. Minn. State Zoological Bd.*, 307 N.W.2d 490, 497 (Minn. 1981), *quoted with approval in Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 839 (Minn. 2012). The district court correctly concluded that Fieseler Masonry had a contract with Exact. Fieseler Masonry argues that, even if it had a contract with Exact, a breach-of-contract action is not an adequate remedy because Exact is "out

8

of business." "[A] remedy at law which is practically ineffective is not an adequate remedy." *Ostrander v. Ostrander*, 190 Minn. 547, 549, 252 N.W. 449, 450 (1934). Fieseler Masonry fails to show that a breach-of-contract claim against Exact is not an adequate remedy at law.

Similarly, Fieseler Masonry fails to show that a claim against Alliance's payment bond is not an adequate remedy at law. The undisputed evidence shows that Alliance posted and made payments under a payment bond. *See generally* Minn. Stat. § 574.26, subd. 2 (2012). Fieseler Masonry could have made a claim against this payment bond within 120 days after the completion of its project. Minn. Stat. § 574.31, subd. 2 (2012). Fieseler Masonry's ability to make a claim under the payment bond was an adequate remedy that Fieseler Masonry opted not to pursue. *See ServiceMaster*, 544 N.W.2d at 305–06 (concluding that a party's "right to pursue its remedy through a mechanic's lien was an adequate remedy at law" and that, "absent compelling circumstances," the court will not come to the aid of "a contractor [that] elect[s] not to seek the protection of the clear and effective method available under the [mechanic's lien] statute").

Because Fieseler Masonry had adequate remedies at law, the district court correctly granted summary judgment on Fieseler Masonry's claims for equitable relief. We therefore do not reach the merits of Fieseler Masonry's equitable claims.

**Affirmed.**